IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 17, 2015

**STATE OF TENNESSEE v. MARIO THOMAS**

**Appeal from the Criminal Court for Shelby County**
**No. 13-04522     James C. Beasley, Jr., Judge**

_____

**No. W2015-00533-CCA-R3-CD  -  Filed February 3, 2016**

_____

The defendant, Mario Thomas, appeals the sentences imposed for his guilty pleas to the offenses of aggravated robbery, attempted aggravated robbery, aggravated assault, aggravated burglary, employing a firearm in the commission of a dangerous felony, and possessing a firearm after having been convicted of a felony involving the use or attempted use of violence. The defendant's sole allegation of error is that the trial court should not have ordered his convictions for aggravated burglary and aggravated robbery to run consecutively. After a thorough review of the record, we discern no error and affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ROGER A. PAGE and ROBERT H. MONTGOMERY, JR., JJ. joined.

Stephen Bush, District Public Defender; and Phyllis Aluko (on appeal) and Michael J. Johnson (at trial), Assistant District Public Defenders, for the Appellant, Mario Thomas.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Ann Schiller, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

## FACTUAL AND PROCEDURAL HISTORY

The defendant was charged in a six-count indictment with the offenses of which he stands convicted. A jury was selected on November 17, 2014, and the trial commenced the next day. On November 19, 2014, before the trial concluded, the defendant entered guilty pleas to the charged offenses.

The defendant refused to attend his sentencing hearing, and it was conducted *in absentia*. The prosecution noted that the defendant had originally refused its twelve-year offer but chose to plead guilty in the course of the trial. The plea colloquy is not part of the record, but the prosecutor summarized the crimes by stating that the defendant had been begging for money and that the three victims, Dominic Van Horn, John Brown, and Laurel Cannito, initially gave him some money and then paid him to sweep the porch. One of the victims gave the defendant a ride in the evening. Later that night, the defendant entered the dwelling shared by the victims. According to the facts as summarized in the presentencing report, Mr. Brown was woken at gunpoint by the defendant, who was demanding his money. Mr. Van Horn came to investigate the noise. The defendant took money from Mr. Van Horn's pocket and ordered both men to the floor. Ms. Cannito then woke up and entered the room, and the defendant pointed the gun at her. Mr. Brown took this opportunity to flee the house, and the defendant followed. The defendant was identified later through his distinctive facial tattoos. The presentencing report showed that the defendant had three prior convictions for aggravated burglary and two prior convictions for theft of property over $1,000.

The trial court found that the defendant had an "extensive history of criminal convictions," including three prior aggravated burglary convictions, two prior convictions for theft of property over $1,000, and two misdemeanor theft convictions. The trial court also found that the defendant was a dangerous offender whose behavior indicated little or no regard for human life and that he had no hesitation about committing an offense where the risk to human life was high. The trial court found that the circumstances of the offenses were aggravated, as the defendant committed a home invasion and was only thwarted from further crimes by the escape of one of the victims. The trial court cited the defendant's multiple prior burglaries as proof that confinement was necessary to protect society from the defendant's further criminal behavior. The trial court found that the aggregate length of the sentences was reasonably related to the offenses.

For the aggravated robbery of Mr. Van Horn, the defendant was sentenced to serve fifteen years in prison. For the attempted aggravated robbery of Mr. Brown, the defendant was sentenced to eight years. The defendant received a six-year sentence for the aggravated assault of Ms. Cannito and a six-year sentence for the aggravated burglary conviction. He was sentenced to ten years for employing a firearm during a dangerous

felony and six years for being a felon in possession of a firearm after having been convicted of a felony involving the use or attempted use of violence. Three of the convictions were to run consecutively to one another: the fifteen-year conviction for aggravated robbery, the six-year conviction for aggravated burglary, and the ten-year conviction for employing a firearm during the commission of a dangerous felony. The other convictions were ordered to run concurrently with all counts. The defendant's aggregate sentence amounts to thirty-one years.

## ANALYSIS

On appeal, the defendant contests only the trial court's decision to run certain sentences consecutively. A trial court's sentencing decisions are generally reviewed for abuse of discretion, with a presumption of reasonableness granted to within-range sentences that reflect a proper application of the purposes and principles of sentencing. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). Likewise, the "standard of appellate review for consecutive sentencing is abuse of discretion accompanied by a presumption of reasonableness." *State v. Pollard*, 432 S.W.3d 851, 859 (Tenn. 2013). The presumption of reasonableness applies only when the trial court has provided reasons on the record establishing at least one of the seven statutory bases for imposing consecutive sentences delineated in Tennessee Code Annotated section 40-35-115(b) (2010). *Id.* at 861. Tennessee Code Annotated section 40-35-115(b) allows a court to impose consecutive sentences when "[t]he defendant is an offender whose record of criminal activity is extensive" or when "[t]he defendant is a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high." T.C.A. § 40-35-115(b)(2), (4). When the trial court bases its decision to run sentences consecutively on the dangerous offender category in Tennessee Code Annotated section 40-35-115(b)(4), it must make additional findings as set out in *State v. Wilkerson*: that the aggregate sentence is "'reasonably related to the severity of the offenses'" and "'necessary in order to protect the public from further criminal acts.'" *Pollard*, 432 S.W.3d at 863 (quoting *State v. Wilkerson*, 905 S.W.2d 933, 938 (Tenn. 1995)). If the trial court fails to make the requisite findings, the appellate court may either conduct a de novo review to determine whether there is an adequate basis for the imposition of consecutive sentences or remand to the trial court so that it may consider the appropriate factors and make the proper findings. *Id.* at 864.

The defense concedes that the conviction for employing a firearm must run consecutively to the underlying dangerous felony by law. *See* T.C.A. § 39-17-1324(e)(1) ("A sentence imposed for a violation of subsection (a) or (b) shall be served consecutive to any other sentence the person … is sentenced to serve for conviction of the underlying

dangerous felony."). Accordingly, he does not contest that his ten-year sentence for employing a firearm during the commission of a dangerous felony must run consecutively to his six-year sentence for aggravated burglary, the underlying felony. However, he does object that both of these sentences were ordered to run consecutively to his fifteen-year sentence for aggravated robbery. In support of its imposition of consecutive sentences, the trial court found that the defendant had an "extensive history of criminal convictions." It further found that the defendant was "a dangerous offender whose behavior indicates little or no regard for human life and that he had no hesitation about committing this offense in which the risk to human life was high." The trial court found that, based on the defendant's past criminal behavior, extended confinement was "necessary to protect society from his unwillingness to lead a productive life" and that "the aggregate length of the sentence reasonably relates to the offense of which the defendant stands convicted." The trial court made the requisite findings under T.C.A. section 40-35-115(b)(2), (4) and *Wilkerson*, and we accordingly grant the trial court's findings a presumption of reasonableness. *See Pollard*, 432 S.W.3d at 863 (quoting *Wilkerson*, 905 S.W.2d at 938). The trial court properly considered the purposes and principles of sentencing during the hearing, and it imposed consecutive sentences after finding that the statutory requirements were met. There is nothing in the record to show that the trial court abused its discretion.

## CONCLUSION

Based on the foregoing reasoning, we affirm the judgments of the trial court.


_____
JOHN EVERETT WILLIAMS, JUDGE